IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TIMOTHY MCGILL, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| | : | |
| VS. | : | **1 : 04-CV-134 (WLS)** |
| | : | |
| FREDERICK HEAD, Warden, | : | |
| | : | |
| | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was filed on September 14, 2004.

Pursuant to the AEDPA, which became effective on April 24, 1996 and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The petitioner was convicted in the Ben Hill Superior Court in 1997 on charges of burglary, aggravated assault, armed robbery, possession of a firearm during the commission of a felony,

giving a false name, and false report of a crime.  He was sentenced to life plus a consecutive five (5) years.  The petitioner did not appeal his convictions, and they therefore became final on or about October 26, 1997.   Therefore, pursuant to § 2244 (d)(1), the petitioner had until October 25, 1998 in which to file this federal petition.  Inasmuch as the petitioner did not file this petition until September 14, 2004, its filing was clearly untimely.

The court notes that the tolling provision of § 2244(d)(2) does not protect the petitioner herein.  Although the petitioner filed an extraordinary motion for an out of time appeal and a state habeas petition, he did not do so until August 1999 and March 2000 respectively.  These attempts to attack his convictions were not filed until after the expiration of the one-year filing period and therefore cannot serve to toll the limitations period.

To the extent that the petitioner points to an alleged failure by appellate counsel to file an appeal, such a failure is irrelevant to whether or not this federal habeas petition was timely filed.  The one-year statute of limitations is set to run from the time petitioner's conviction becomes final, regardless of whether an appeal is taken.  The petitioner is in no way penalized in the computation of the one-year period of limitation by the absence of an appeal.

Accordingly, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 27th day of April, 2005.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE